IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Docket No. 3:11-cr-337-RJC |
| ) | |
| v. ) | **NOTICE OF INTENT TO INTRODUCE 404(b) EVIDENCE AND MEMORANDUM OF LAW IN SUPPORT** |
| (12) CORVAIN T. COOPER, a/k/a "CV" ) | |

NOW COMES the United States of America, by and through Anne M. Tompkins, United States Attorney for the Western District of North Carolina, and files notice in advance of trial of evidence the United States will offer of the Defendant's conviction for a marijuana crime that is part of the instant charged conspiracy or, in the alternative, admissible evidence of other crimes, wrongs, or acts, pursuant to Rule 404(b) of the Federal Rules of Evidence.

## I. BACKGROUND

Defendant Corvain Cooper was an early (2004) member of the instant conspiracy that involved transporting well in excess of 1,000 kilograms of marijuana from California to Charlotte and elsewhere, and laundered proceeds of that drug trafficking through financial institutions.

On June 19, 2009, officers with the Beverly Hills, California police department stopped Defendant Cooper in a Jaguar after he led them on a dangerous high-speed chase through traffic. During the investigation, Cooper provided a false name, that of his co-defendant in the instant indictment, "Leamon Keishan Moseley," who is pending arrival in this District. The arresting officer could smell marijuana coming from Cooper's car. Cooper admitted to having a "blunt" in the car and then consented to a search. Law enforcement found approximately 22 grams of marijuana in the center console of the vehicle and, in the trunk, a box with a "brick" of marijuana

weighing approximately 1/3 of a kilogram. Cooper claimed that he was delivering the box with the marijuana to his mother. Law enforcement also discovered a ledger sheet of "pays and owes" that included drug weights and dollar amounts. They also discovered photographs, some of which contained family members and gang members. Defendant Cooper was found guilty of "Sell/Furnish Marijuana/Hash" for this offense on July 27, 2011.

The Defendant has also been convicted of "Possession of Narcotics Controlled Substance" on August 5, 2011. (Please see Title 21, Section 851, Information filed on 3/15/2013, Document 190 in the instant docket.)

## II. DISCUSSION

The proposed evidence is inextricably intertwined with the charged conspiracy; thus it is admissible. However, in an abundance of caution, we file this pleading to argue for the admissibility of the conviction under Rule 404(b). As set forth in more detail below, evidence of the Defendant's prior possession of controlled substances is admissible to prove, among other things, elements of the instant offenses, to include, knowledge and lack of mistake or accident.

### A.  F.R.E. 404(b) is a Rule of Inclusion

Federal Rule of Evidence 404(b) expressly states that evidence of other crimes, wrongs, or acts is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Rule 404(b) is a rule of inclusion, not of exclusion. *United States v. Smith*, 441 F.3d 254, 262 (4th Cir.), *cert. denied*, 127 S.Ct. 226 (2006); *United States v. Powers*, 59 F.3d 1460, 1464 (4th Cir. 1995). Thus, the rule allows for the admission of "all evidence of other crimes or acts except that which tends to prove only criminal disposition." *United States v. Russell*, 971 F.2d 1098, 1106 (4th Cir. 1992); *United States v. Rawle*, 845 F.2d

2

1244, 1247 (4th Cir. 1988) (as rule is inclusive, rule's list is not exhaustive); *United States v. Percy*, 765 F.2d 1199, 1203 (4th Cir. 1985).

There is a presumption in favor of admission. *United States v. Seals*, 419 F.3d 600, 612 (7th Cir. 2005) ("Rule 403 establishes a presumption in favor of the admissibility of relevant evidence."); *United States v. Bradley*, 145 F.3d 889, 893 (7th Cir. 1998) (Rule 403 is not a tool designed "to permit the court to 'even out' the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none . . ."); *United States v. Morris*, 79 F.3d 409, 412 (5th Cir. 1996) ("Because Rule 403 requires the exclusion of relevant evidence, it is an extraordinary measure that should be used sparingly").

Evidence of a prior act is admissible if (1) "relevant to an issue, such as an element of an offense," and "not ... offered to establish the general character of the defendant," (2) "necessary in the sense that it is probative of an essential claim or an element," (3) reliable, and (4) not so prejudicial that its prejudicial effect outweighs its probative value, "in the sense that it tends to subordinate reason to emotion in the fact-finding process." *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997), *cert. denied*, 523 U.S. 1101 (1998). In this last regard, "[t]he mere fact that the evidence will damage the defendant's case is not enough-the evidence must be unfairly prejudicial, and the 'unfair prejudice must substantially outweigh the probative value of the evidence.' " *United States v. Hammoud*, 381 F.3d 316, 341 (4th Cir. 2004) (*en banc*), *vacated on other grounds*, 543 U.S. 1097 (2005).

A district court's admission of evidence pursuant to Rule 404(b) is reviewed for abuse of discretion, and the appellate court will not overturn the court's decision to admit such evidence unless it was "arbitrary or irrational." *Queen*, 132 F.3d at 995.

3

## B. Rule 404(b) Permits Evidence of Prior Drug Activities and Convictions

Evidence of the Defendant's prior drug conviction is "relevant to an issue" of the charged offenses and are, thus, "necessary"; that is, knowing possession of narcotics are key elements of the offense. *See United States v. Hodge*, 354 F.3d 305 (4th Cir. 2004) (holding plea of not guilty places defendant's intent at issue, and evidence of similar prior crimes can thus be relevant to prove intent to commit charged crime); *United States v. Sanchez*, 118 F.3d 192, 196 (4th Cir. 1997) (same).[1]

The prior bad acts will not be offered to establish the Defendant's general character, and any concern over that impact, or the Rule 403 balancing test, would be resolved by a limiting instruction. *See United States v. Mohr* 318 F.3d 613, 619 (4th Cir. 2003) (holding carefully worded limiting instruction ameliorated any possible unfair prejudice); *United States v. Powers*, 59 F.3d 1460, 1468 (4th Cir. 1995) (noting that "cautionary or limiting instructions generally obviate" prejudice); *United States v. Seals*, 419 F.3d 600, 612 (7th Cir. 2005) ("Rule 403 establishes a presumption in favor of the admissibility of relevant evidence."); *United States v. Bradley*, 145 F.3d 889, 893 (7th Cir. 1998) (Rule 403 is not a tool designed "to permit the court to 'even out' the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none . . ."); *United States v. Morris*, 79 F.3d 409, 412 (5th Cir. 1996) ("Because Rule 403

---

[1] In *United States v. Rodriguez*, 155 F.3d 563 (4th Cir. 1998) (unpublished), the Fourth Circuit explained that the prior bad acts to be proved at trial need not be the same as those with which the defendant is charged:

> [T]he prior acts may be admissible if the state of mind they evidence is the same state of mind required to prove the crime charged. Here, the mental state evidenced by [the defendant's] prior drug activities, the intent to engage in cocaine distribution with others, is the same mental state the government was trying to prove to convict [the defendant] of conspiracy. Thus, even though [the defendant's] prior bad acts (arranging a drug sale) were slightly dissimilar to the act he was charged with (collecting money after a drug sale), the prior acts met the similarity requirement of Rule 404(b).

*Id*. at *3 (citing *Queen*, 132 F.3d at 996-97).

requires the exclusion of relevant evidence, it is an extraordinary measure that should be used sparingly."). As the Fourth Circuit recognized in *Queen*:

> Also, additional protection against the pitfalls the rule protects against may be provided by (1) a limiting jury instruction, when requested by a party, explaining the purpose for admitting evidence of prior acts, and (2) the requirement in a criminal case of advance notice, when so requested, of the intent to introduce prior act evidence. When Rule 404(b) is administered according to these rules, it will not, we believe, be applied to convict a defendant on the basis of bad character, or to convict him for prior acts, or to try him by ambush. But it will yet allow the admission of evidence about similar prior acts that are probative of elements of the offense in trial.

132 F.3d at 997.

In *United States v. Ford*, 88 F.3d 1350, 1362 (4th Cir.), *cert. denied,* 519 U.S. 999 (1996) the Fourth Circuit held that a prior arrest in connection with an undercover drug buy was admissible to show intent to distribute narcotics. In *United States v. Mark*, 943 F.2d 444, 448 (4th Cir. 1991), it held that evidence of a defendant's involvement in prior drug transactions was admissible to prove intent in later drug trafficking incidents.

In numerous Fourth Circuit decisions in the last few years, albeit unpublished, the court upheld admission of Rule 404(b) drug evidence; for example:

- In *United States v. Coxton*, 419 Fed.Appx. 407 (4th Cir. 2011) (*per curiam*), the Fourth Circuit upheld admission by Judge Whitney of evidence of the defendant's prior possession of drugs, paraphernalia, and a gun. *Id*. at 411.
- In *United States v. McRae*, 235 Fed.Appx. 968 (4th Cir. 2007) (*per curiam*), the Fourth Circuit upheld admission by **Chief Judge Robert Conrad** of evidence of prior marijuana sales. *Id*. at 970.
- In *United States v. King*, 225 Fed.Appx. 125 (4th Cir. 2007) (*per curiam*), the Fourth Circuit upheld admission of a certified copy of the defendant's drug conspiracy conviction through a federal agent who "testified briefly that he obtained the document" and that the defendant pleaded guilty to the charge in the year indicated. *Id*. at 126.
- In *United States v. McDonald*, 211 Fed.Appx. 222 (4th Cir. 2007), in admitting evidence of the defendant's prior drug distribution conviction, the Fourth Circuit stated, "Evidence that [the defendant] possessed and distributed drugs in the past was clearly relevant to the issue of his intent to do so here." *Id*. at 225. The court continued, "We conclude that

5

evidence that [the defendant] had previously been arrested for the possession of a firearm was relevant to his knowledge and intent to possess the handgun recovered here." *Id*.

- In *United States v. Lewis*, 181 Fed.Appx. 93 (4th Cir. 2006) (*per curiam*), the Fourth Circuit upheld admission – for charges of possession with intent to distribute marijuana – of the defendant's prior conviction for possession with intent to distribute crack cocaine under Rule 404(b), as it pertained to the defendant's knowledge and intent. *Id*. at *2.

- In *United States v. Grandos-Arredondo*, 173 Fed.Appx. 206 (4th Cir. 2006) (*per curiam*), the Fourth Circuit upheld Judge Voorhees' admission of Rule 404(b) evidence from a 1993 traffic stop during which drugs were found concealed in the headrest of the vehicle. *Id*. at *2.

- In *United States v. Artis*, 129 Fed.Appx. 848 (4th Cir. 2005), the Fourth Circuit upheld, under Rule 404(b), the admission of a certified copy of the defendant's prior conviction for possession of a firearm while in possession of cocaine. *Id*. at 848-49.

## IV. CONCLUSION

Because the Government's proposed evidence has substantial probative value, and because any arguable unfair prejudice – which is certainly not enough to constitute "unfair prejudice" that would "substantially outweigh" the probative value of the prior drug activities and conviction -- would be mitigated by a careful limiting instruction, the evidence is admissible under Rules 403 and 404(b).

Accordingly, the United States respectfully submits the Court should, in the sound exercise of its discretion, admit this evidence, for which there is a presumption of admissibility.

Respectfully submitted this 3rd day of August 2013.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

**/s/ Steven R. Kaufman**
STEVEN R. KAUFMAN
ASSISTANT UNITED STATES ATTORNEY
227 West Trade Street, Suite 1650, Charlotte, NC 28202
(704) 338-3117 (office); (704) 227-0254 (facsimile)
Steven.Kaufman@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August 2013, the foregoing was duly served upon the Defendant herein through attorney of record via electronic filing:

Dianne Kathryn Jones McVay, Esq.

**/s/ Steven R. Kaufman**
STEVEN R. KAUFMAN
ASSISTANT UNITED STATES ATTORNEY

7

Case 3:11-cr-00337-RJC-DSC   Document 279   Filed 08/03/13   Page 7 of 7