**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-CR-337-RJC-DSC**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | |
| ) | **ORDER** |
| **(12) CORVAIN T. COOPER,** ) | |
| a/k/a "CV", ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

THIS MATTER is before the Court on Defendant's "Motion for Severance of Defendants (Prejudicial Joinder)," Doc. 317, filed September 10, 2013[1] and "Government's Response in Opposition to Defendant Cooper's Motion to Sever," Doc. 319, filed September 10, 2013.

Having fully considered the arguments, the record, and the applicable authority, the Court finds that Defendant's "Motion for Severance of Defendants (Prejudicial Joinder)," should be DENIED, as discussed below.

On August 20, 2013, the Government filed a Third Superseding Bill of Indictment against Defendant, Evelyn Chantell LaChapelle and Natalia Christina Wade. Count One charges all three Defendants with drug conspiracy in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Count Two charges all three Defendants with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Count Three charges all three Defendants with structuring currency transactions in violation of 31 U.S.C. §§ 5324(a)(3) and 5324(d)(1) and (d)(2); 31 C.F.R. §§ 103.11 and 103.22; and 18 U.S.C. § 2.

Defendant Cooper argues that he withdrew from the alleged conspiracy in or about 2006.

---

[1] This Motion was originally filed on September 9, 2013 as document 313. On September 11, 2013, the Court allowed document 317 to replace the original Motion.

He also argues that to the extent he was involved in a conspiracy, it had no connection to the Western District of North Carolina. He contends that evidence offered against his Co-Defendants poses a risk of prejudicial "spill-over" for him, and that a joint trial may confuse the jury. Finally, he anticipates that his Co-Defendants may assert defenses that are inconsistent or antagonistic to his defense.

The Government responds that multiple cooperating Defendants will testify that as part of a conspiracy involving Defendant Cooper, they shipped crates and FedEx packages containing marijuana from California to the Charlotte area and elsewhere into 2009 and later. The Government represents that this testimony will be corroborated by bank records showing that Defendant Cooper and his co-conspirators structured drug proceeds into 2009. One witness is expected to testify that Defendants LaChapelle and Wade handled hundreds of thousands of dollars in drug proceeds for Cooper in 2009 and 2010, as corroborated by bank records. The Government also proffers that Defendant Cooper continued to broker marijuana deals from 2009 to 2012. The Government's evidence will include telephone toll records corroborating the witnesses, as well as connecting Cooper to the seizure of more than 300 pounds of marijuana that shipped from California to Charlotte in 2009. Finally, the Government asserts that Defendant Cooper's phone contains text messages and photographs indicating that he was continuing to traffic in marijuana with fugitive Co-Defendant Clyde "Big C" Wilburn into 2013.

Federal Rule of Criminal Procedure 8(b) provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed.R.Crim.P. 8(b). Thus, "[t]he test for joinder under Rule 8(b) is whether the defendants 'are alleged to have participated in the same act or transaction or in the same series of acts or

transactions.'" United States v. Santoni, 585 F.2d 667, 673 (4th Cir. 1978) (quoting Fed. R. Crim. P. 8(b)).  In those instances "[w]here the defendants' acts are part of a series of acts or transactions, it is not necessary that each defendant be charged in each count, nor to show that each defendant participated in every act or transaction in the series."  Id.  In this case, Defendant is charged with participating in a conspiracy.  Therefore, the Court finds that joinder is proper.

> Federal Rule of Criminal Procedure 14(a) provides:
>
> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed.R.Crim.P. 14(a).  "In deciding whether to grant a Rule 14 motion, the district court is given broad discretion in weighing the inconvenience and expense to the government and witnesses in conducting separate trials against the prejudice to the defendants caused by a joint trial." United States v. Smith, 44 F.3d 1259, 1266-7 (4th Cir. 1995).  "The district court's decision to grant or deny a motion for severance will be overturned only for a clear abuse of discretion. Such an abuse of discretion will be found only where the trial court's decision to deny a severance deprives the defendants of a fair trial and results in a miscarriage of justice." United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992) (quotation omitted).  It is the defendant's burden to show "that a joint trial would be so unfairly prejudicial that a miscarriage of justice would result." United States v. Williams, 10 F.3d 1070, 1079-80 (4th Cir. 1993).

The Supreme Court has held that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993).  There are several reasons for this preference.  Joint trials "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Id.  Joint trials also promote

"economy and efficiency" and help the Court and litigants "avoid a multiplicity of trials." Id. at 540. The Fourth Circuit recently reiterated, "[w]e adhere to the general principle that when defendants are indicted together, they should be tried together." United States v. Dinkins, 691 F.3d 358, 368 (4th Cir. 2012) (quoting United States v. Singh, 518 F.3d 236, 255 (4th Cir. 2008).

The preference for joint trials is particularly strong in conspiracy cases. "[J]oinder is highly favored in conspiracy cases, over and above the general disposition [supporting] joinder for reasons of efficiency and judicial economy." Id. (quoting United States v. Tedder, 801 F.2d 1437, 1450 (4th Cir. 1986)) (alterations in original). This is because, as the Fourth Circuit explains, "[t]he gravamen of conspiracy is that each conspirator is fully liable for the acts of all co-conspirators in furtherance of the conspiracy." Tedder, 801 F.2d at 1450.

Defendant has failed to meet the burden of showing that a miscarriage of justice would result from a joint trial. The Fourth Circuit has been clear that "[s]peculative allegations as to possible prejudice do not meet the burden of showing an abuse of discretion in denying a motion for severance." United States v. Becker, 585 F.2d 703, 707 (4th Cir. 1978). Any arguable prejudice can be avoided by the Court's instructions to the jury.

For the foregoing reasons, the Court DENIES the "Motion for Severance of Defendants (Prejudicial Joinder),"

The Clerk is directed to send copies of this Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

_____
David S. Cayer
United States Magistrate Judge