UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cr-00337-RJC-DSC

| USA | ) | |
| --- | --- | --- |
|  | ) | <u>ORDER</u> |
| vs. | ) | |
|  | ) | |
| CORVAIN T. COOPER (12) | ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. (Doc. No. 622).

The defendant is serving a life sentence resulting from his convictions for conspiring to distribute and possess with intent to distribute at least 1,000 kg of marijuana, conspiring to commit money laundering, and structuring currency transactions. (Doc. No. 461: Judgment at 1-2). The defendant seeks compassionate release claiming his prior felony drug offenses have been downgraded, the current penalty for his offense is a mandatory minimum of 25 years, the definition of "felony drug offense" has been amended, and marijuana has become a billion dollar industry traded on the New York Stock Exchange. (Doc. No. 622: Motion at 2, 9).

Ordinarily, a court may not modify a sentence once it is imposed. 18 U.S.C. § 3582(c). Section § 3582(c)(1)(A)(i) provides an exception that allows a court to reduce a sentence, after consideration of the factors in § 3553(a), upon finding that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with applicable policy statements issued by the Sentencing

Commission." Section 1B1.13 of the Guidelines Manual contains the Commission's policy statement, promulgated under statutory authority to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t), USSG §1B1.13, comment. (backg'd). As the movant, the defendant bears the burden of proving his suitability for a § 3582 sentence reduction. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013). However, the changes in sentencing law and the legalization of marijuana in some states do not meet any of the criteria for relief in §1B1.13.

**IT IS, THEREFORE, ORDERED** that the defendant's motion, (Doc. No. 622), is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant and the United States Attorney.

Signed: August 6, 2020

Robert J. Conrad, Jr.
United States District Judge